UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-39-FJL

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREW JOSEPH HALLOCK,

    Defendant.

_____/

FILED by _____ D.C.

MAY 11 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## DETENTION ORDER

Pursuant to Title 18, United States Code, Section 3142(f), on May 11, 2012, a detention hearing was held to determine whether the Defendant, Andrew Joseph Hallock, should be detained prior to trial. Having considered the factors enumerated in Title 18, United States Code, Section 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required or the safety of any other person and the community. Therefore, it is hereby ordered that the Defendant be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of Title 18, United States Code, Section 3142(i) the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1.    The Defendant is charged by Criminal Complaint with possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4), and attempted enticement of a minor to engage in illegal sexual activity, in violation of Title 18, United States Code, Section 2422(b).

Pursuant to Title 18, United States Code §3142(e), there is a rebuttable presumption applicable in cases of this type based upon the charges having been brought against the Defendant under Title 18, United States Code, Section 2422(b).

Pursuant to Title 18, United States Code, Section 3142(f)(1)(A), detention is permitted for certain crimes of violence. Title 18, United States Code, Section 3156(a)(4)(C), states that any felony charged under this statute is to be considered a crime of violence. Therefore, pretrial detention may be reasonably considered by this Court in determining whether or not the Defendant is a danger to the community and a presumption of detention is applicable pursuant to the statutory provisions set forth above.

At the outset of the Detention Hearing, this Court stated that it would take judicial notice of the facts set forth in the Criminal Complaint for the purposes of this hearing. A copy of the Complaint has been previously provided to the Defendant and counsel for the Defendant stated that she had no objection to the Court taking such judicial notice. The government also made an additional proffer for this Court to consider in respect to its request for pretrial detention. This Court will first summarize the facts from the Criminal Complaint and then set forth the additional proffer made by the government to keep the evidence in a chronological order.

On or about May 22, 2011, law enforcement officers with the Sebastian Police Department were called to a residence in Sebastian, Florida, regarding an explosion. Upon arrival at that scene, an individual later determined to be the Defendant's mother, was found at the scene and was injured. She informed law enforcement that she had been cleaning a shed in the back of her residence when something exploded.

Law enforcement officers were told by the Defendant's sister that he had "messed with" chemicals in the shed when he resided at that residence. The Defendant was not

2

residing at his mother's residence at the time of the explosion. The Defendant was residing with an individual named Steven Ripp at another residence in Sebastian.

That same date, law enforcement made contact with the Defendant and after being read his Miranda rights, was questioned concerning the explosion. The Defendant waived his Miranda rights and stated that he was into "rogue science." A consent form to search his room at his residence was signed. A laptop computer was found during that search and was taken into custody.

The Defendant was arrested for making an explosive device in violation of state law. Subsequently, a search warrant was obtained for the Defendant's laptop and cellular telephone.

On or about July 7, 2011, law enforcement began a forensic examination of the Defendant's laptop. While searching for any evidence concerning the explosion and by using the search word "bomb", other titles were viewed by law enforcement which indicated that the files may be associated with child pornography. Those files were opened and determined to contain child pornography. Those files were then bookmarked and no further search was made.

On December 22, 2011, Agent De La Vega of Homeland Security obtained a federal search warrant to further search the Defendant's laptop for suspected child pornography. Law enforcement conducted a further search. During that search numerous files were found on the Defendant's laptop involving images of child pornography. Some of those videos and images are described in paragraph 10 of the Complaint filed herein. This Court finds it is unnecessary to set forth those detailed descriptions concerning the sexual conduct of the minors contained within those videos.

It was determined by law enforcement that the Defendant was using peer-to-peer file sharing programs on that laptop wherein child pornography was downloaded and made available for sharing with other individuals.

Law enforcement also recovered certain "chat logs" from the Defendant's computer. Those chats were analyzed and the government submits that they are on-line chats between this Defendant and a 16 year old female in Texas referred to as "F.K.". The first of these chats appears to have occurred in January of 2011 which the government submits was approximately a week after "F.K." turned 15. During those chats the Defendant claimed to be 18 years old although he was approximately 24 years old at the time. The government submits that these chats contained conversations which were sexual in nature. Some of these chats are set forth in the Complaint in paragraphs 13, 17, 18 and 19. Once again, this Court is not going to go into the detailed description of these chats. However, there are several references in each of these chats of conversations which could easily be concluded to be sexual in nature. Some of these chats also reference what occurred between the Defendant and this minor child when they had a meeting in Texas when the Defendant traveled there in April 2011. While the Complaint references that the minor's mother believed that she was being supervised, the on-line conversations seem to indicate that there was at least one meeting which was unsupervised in which the Defendant and the minor engaged in sexual activity.

The Complaint also establishes that the Defendant and this minor "F.K." continued to communicate up to the date of his arrest in respect to the explosion at his mother's residence in May of 2011.

The additional proffer made by the government at this Detention Hearing was that subsequent to this Defendant's initial appearance on May 4, 2012, agents went to the

Defendant's mother's residence to interview her. At that time, the Defendant's mother showed the agents letters from the minor "F.K." to the Defendant. Agents obtained a search warrant that same day and seized several letters from the Defendant's mother's residence dated as recently as April 13, 2012 from the minor "F.K.". The agents also previewed a laptop which the Defendant's mother said was hers. The Defendant's mother stated that the Defendant also utilized that laptop sometimes to assist her in paying bills.

An initial preview of that laptop revealed child pornography located in a password protected profile which the government submits is associated with this Defendant and which is entitled "Andy."

The government also seized, pursuant to the search warrant, notebooks. In those notebooks there were pages of protocol which the government submits set forth the types of minor females that the Defendant looks for based upon physical characteristics and also emotional characteristics. Another page of a notebook referred to the Defendant's "preteen girlfriend." Another page of a notebook listed the names of several minor females from various middle schools in Indian River County and the associated athletic teams that they played for at those schools.

This Court also notes that Agent Camacho testified at this Detention Hearing and was subject to cross-examination by counsel for the Defendant. Agent Camacho testified that law enforcement has determined that there were over 200 child pornography videos located on the Defendant's laptop seized in May of 2011, and over 100 child pornography videos located on the laptop seized from the Defendant's mother last week. When agents observed the child pornography on the mother's laptop, the Defendant's mother purportedly stated that she had downloaded the pornography, that "she was the deviant", and to arrest her. Agents also located some 30 emails on the mother's laptop between

this Defendant and the minor "F.K.". The government submits that these emails show a continuation of the relationship between that minor child and this Defendant.

The Defendant submitted that his mother was present in court and willing to co-sign any bond that this Court would set. Counsel for the Defendant submitted that the mother estimates that she has $40,000 in equity in her home. Further, the Defendant can reside with her if released on bond.

Counsel for the Defendant also pointed out that the Defendant had been on bond on his state case since October of 2011. Further, counsel for the Defendant argued that the Defendant cannot be a danger to the community if the government originally located the child pornography on his computer in July of 2011 and only recently sought to bring charges against him in that regard.

2. The pertinent history and characteristics of the Defendant are taken from the Pretrial Services Report. The Defendant has been a lifelong resident of the Southern District of Florida, having been born in Fort Lauderdale in 1984. He resided for a brief six months in Indiana with a former girlfriend. The Pretrial Services Report indicates that the Defendant resides with his mother who he takes care of. His father resides in Sebastian, Florida as well. He has a sister who resides in Vero Beach. The Defendant is single and does not have any children. The residence where he resides with his mother is owned by his mother. The Defendant submits that he is a full time student, supports his mother, and works at Publix part time in Sebastian, Florida. The Defendant has no health issues and takes no medications.

The Pretrial Services Report reflects that the Defendant saw two different psychiatrists while he was in high school because he "didn't feel right mentally." He stated that he was treated for depression and prescribed an anti-depressant. He has not taken

any medications nor has he been seen by another psychiatric professional since 2003. The Defendant has no prior convictions.

3. There is probable cause to believe the Defendant committed the offenses set forth in the Criminal Complaint. The weight of the evidence against the Defendant is great at this stage of the proceedings. This Court did address the argument made by counsel for the Defendant in that child pornography was purportedly found on the Defendant's computer in July of 2011 and it was not until recently that the government sought to file charges against the Defendant. If that was the total record before this Court, this Court would tend to agree with the assessment by counsel for the Defendant that the Defendant may not be a danger to the community based upon the government's decision to not expedite the handling of this matter even after finding the child pornography on his computer.

However, as stated by this Court at the conclusion of the Detention Hearing, the further proffer submitted by the government which indicates that the Defendant has continued to communicate with this minor child in Texas and referred to her as his preteen girlfriend, maintaining a listing of the types of minor females that he is seeking out, and maintaining a list of names of minor females associated with various sports teams at middle schools in Indian River County, cause this Court great concern.

Additionally, the fact that the Defendant's mother purportedly told agents that she was the one who downloaded the pornography, was a deviant and wanted to be arrested, does not engender in this Court the type of comfort level that it normally would have in respect to a co-signor of a bond and a person with whom the Defendant would reside if released on bond.

In summary, the evidence strongly suggests that the Defendant has committed the violations set forth in the Complaint concerning possession of numerous files containing child pornography both on his computer and his mother's computer. Emails and chats contained within those computers also would indicate the Defendant's predisposition to minor females. This is all the more brought out by the additional proffer by the government concerning the documentary evidence and notebooks seized by the government which would support the government's conclusion that the Defendant has a predisposition to seek out minor females in the county of his residence. All in all, this Court finds the Defendant has not rebutted the statutory presumption applicable in cases of this type. He shall be detained as a risk of flight and a danger to the community.

4. The Court specifically finds that there is no condition or combination of conditions which will reasonably assure the appearance of the Defendant as required or the safety of any other person and the community. Title 18, United States Code, Section 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this Defendant presents a risk of flight and a danger to the community. The Court hereby directs:

   a. That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

   b. That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

   c. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the

8

Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** this _11th_ day of May, 2012, at Ft. Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc:
AUSA Shaniek Maynard
AFPD Panayotta Augustin-Birch
Pretrial Services
U.S. Marshal