## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 12-CR-14035-MOORE/LYNCH *(S)*

UNITED STATES OF AMERICA,

vs.

ANDREW J. HALLOCK,

    Defendant.



_____/

## PLEA AGREEMENT

The United States of America and ANDREW J. HALLOCK (hereinafter referred to as the "defendant") enter into the following agreement:

1.      The defendant agrees to plead guilty to the Superseding Information, which charges the defendant with knowingly receiving visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

2.      The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the

Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.      The defendant also understands and acknowledges that the Court <u>must</u> impose a mandatory minimum term of imprisonment of five (5) years, and may impose up to twenty (20) years' imprisonment for Count 1. The defendant further understands and acknowledges that any term of imprisonment must be followed by at least five (5) years' supervised release, up to life on supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order restitution.

4.      The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5.      The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offense committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this

agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6.     The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.  If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.   The United States agrees that it will make this motion and recommendation despite the applicability of the obstruction of justice enhancement  discussed in paragraph 8(f) of this plea agreement. The United States, however, will not be required to make this motion and recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7.     This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines.  Although not

binding on the probation office or the Court, this Office and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case.

8.      The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a) Prepubescent Minors: The offense involved images of prepubescent minors, or minors who had not attained the age of 12, for purposes of U.S. Sentencing Guidelines Section 2G2.2(b)(2);

b) Distribution: The offense involved distribution for purposes of U.S. Sentencing Guidelines Section 2G2.2(b)(3)(F);

c) Sadistic or Masochistic Conduct: The offense involved images that portray sadistic or masochistic conduct or other depictions of violence for purposes of U.S. Sentencing Guidelines Section 2G2.2(b)(4);

d) Use of a Computer: The offense involved the use of a computer for the possession and receipt of unlawful images, or for accessing with intent to view unlawful images, for purposes of U.S. Sentencing Guidelines Section 2G2.2(b)(6);

e) Number of Images: The offense involved 600 or more images for purposes of U.S. Sentencing Guidelines Section 2G2.2(b)(7)(D); and

f) Obstructing or Impeding the Administration of Justice: The defendant willfully attempted to obstruct or impede the administration of justice with respect to the investigation of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct for purposes of U.S. Sentencing Guidelines Section 3C1.1.

9.      The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding upon the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding upon the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10.     Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to the following which are subject to forfeiture pursuant to Title 18, United States Code, Section 2253:

        a. Compaq (HP) Laptop Computer, Serial No. 2CE85128BC.

        b. Memorex Thumb Drive, Serial No. 34cc0e0091205900.

The defendant agrees that the above listed assets represent property that was used or intended to be used to commit or to promote the commission of the offense to which the defendant is pleading.

The defendant further agrees to abandon to Homeland Security Investigations all right, title, and interest in the following:

        c. Samsung Cell Phone, Serial No. R6YZA62766L.

        d. LG Cell Phone, Serial No. 908CYSF0700118.

Defendant further agrees to fully cooperate and assist the Government in the forfeiture of the listed

5

assets and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, the surrender of documents of title, execution of any documents necessary to transfer his interest in any of the above property to the United States, execution of a consent to forfeiture or other documents as may be needed to fully accomplish the forfeiture and vest title in the United States. Defendant further knowingly and voluntarily waives the following rights as to asset subject to forfeiture: (1) all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding; (2) any judicial or administrative notice of forfeiture and related deadlines; (3) any jeopardy defense or claim of double jeopardy, whether constitutional or statutory; and (4) any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of these assets by the United States; and (5) any right to appeal any order of forfeiture entered by the Court pursuant to this plea agreement. Defendant further understands that the forfeiture of the property shall not be treated as satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this court may impose on the defendant.

11.     The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code,

6

Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

12.     Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Florida following release from prison, defendant will be subject to the registration requirements of FL ST 943.0435. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

13.     As a condition of supervised release, defendant shall initially register with the state sex offender registration in Florida, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender

7

registration laws, including the requirement to update defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

    14.    This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 6/29/12

By: _Shaniek Maynard_____
SHANIEK MAYNARD
ASSISTANT UNITED STATES ATTORNEY

Date: 6/27/12

By: _____
PETER BIRCH, ESQ.
COUNSEL FOR DEFENDANT

Date: 6/27/12

By: _____
ANDREW J. HALLOCK
DEFENDANT

8