UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 12-CR-14035-MOORE/LYNCH (S)

UNITED STATES OF AMERICA,

vs.

ANDREW J. HALLOCK,

Defendant.



_____/

## FACTUAL PROFFER

The defendant is charged with receipt of child pornography in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1). Section 2252(a)(2) makes it a federal crime for any person to knowingly receive any visual depiction that has been shipped or transported in interstate or foreign commerce by any means, including by computer, if the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction is of such conduct. To prove a violation of 2252(a)(2), the Government must prove:

*First*, That the Defendant knowingly received a visual depiction;

*Second*, That such visual depiction was shipped or transported in interstate commerce by any means including computer;

*Third*, That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

*Fourth*, That such visual depiction is of a minor engaged in sexually explicit conduct; and

*Fifth*, That the Defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

See Eleventh Circuit Pattern Jury Instructions, Offense Instruction 75.2.

Had this matter proceeded to trial, the United States would have proved the following beyond a reasonable doubt:

On May 22, 2011, Detective Jason Mills from the Sebastian Police Department was called to respond to a residence on Shakespeare Street in Sebastian, Florida in reference to an explosion. When Detective Mills arrived at the residence, he discovered that a female, Nancy Galuppo, had been injured. Detective Mills learned that Galuppo had been cleaning a shed in the backyard of her residence when something exploded. Detective Mills contacted Galuppo's son, Andrew HALLOCK, regarding the explosion. Detective Mills seized HALLOCK's laptop computer (Compaq (HP) Laptop Computer, Serial No. 2CE85128BC). HALLOCK was arrested for making a destructive device (resulting in bodily injury) in violation of Florida Statute 790.161(3).

Detective Mills applied for and obtained a search warrant to examine the laptop for evidence relating to explosive devices. As part of the examination, a computer forensic analyst searched for the word "bomb" on the laptop computer. The word "bomb" appeared in over 500 files, and five of those files had names indicative of child pornography.

A federal search warrant was obtained to search the laptop computer for evidence of child pornography crimes. Forensic examination revealed 228 child pornography videos on the laptop. Many of the videos involved prepubescent minors engaged in sexually explicit conduct. The examination also showed that the peer-to-peer application "Shareaza" was installed on the laptop. The application was installed under user account "Andrew." The application was configured so that new files downloaded through Shareaza would be stored in a folder entitled "Shareaza Incomplete." Examination of the Shareaza Incomplete folder revealed twenty-five partially downloaded child pornography videos. The time/date stamps on these files show that the files were downloaded on

various dates between August 10, 2009 and April 28, 2011. A thumb drive belonging to HALLOCK (Memorex Thumb Drive, Serial No. 34cc0e0091205900) was also examined. The thumb drive contained five child pornography files.

The acts described above occurred in Sebastian, Florida, which is in Indian River County, in the Southern District of Florida.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 6/29/12          By: _____
                            SHANIEK MAYNARD
                            ASSISTANT UNITED STATES ATTORNEY

Date: 6/27/12          By: _____
                            PETER BIRCH, ESQ.
                            COUNSEL FOR DEFENDANT

Date: 6/27/12          By: _____
                            ANDREW J. HALLOCK
                            DEFENDANT