UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 12-CR-14035-KMM/FJL

UNITED STATES OF AMERICA

    Plaintiff,

vs.

ANDREW J. HALLOCK,

    Defendant.

                              /

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Response to the Defendant's Objections to Presentence Investigation Report (hereinafter, "PSI") (DE 51).

Defendant objects to the PSI or three grounds. First, Defendant objects to the factual information contained in paragraphs 14, 15, 16, 17, 18, 19, 20, 22, and 23 of the PSI. These paragraphs provide to the Court factual information relating to HALLOCK's online enticement of a fifteen year old girl from Texas (hereinafter, "F.K."), and actual travel to Texas to visit this minor. They also inform the Court about disturbing writings found in HALLOCK's home during execution of a search warrant. Defendant also objects to not receiving a three level reduction for acceptance of responsibility pursuant to USSG 3E1.1. (PSI ¶46). Probation declined to give defendant this reduction because of his obstruction of justice. Lastly, Defendant objects to receiving a five level enhancement pursuant to USSG 2G2.2(b)(5) for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. (PSI ¶38). This memorandum sets forth the government's

position as to each of these objections.

## Factual Background

The Government adopts paragraphs 9 to 29 of the PSI as Factual Background for purposes of this memorandum.

## Procedural History

On April 25, 2012, HALLOCK was charged by complaint with possession of child pornography in violation of Title 18, United States Code, Section 2252(a)(4) and attempting to entice a minor to engage in illegal sexual activity in violation of Title 18, United States Code, Section 2422(b). HALLOCK was arrested and appeared for initial appearance on May 4, 2012. A federal grand jury indicted HALLOCK for these charges on May 17, 2012 (DE 17). On June 28, 2012, the government filed a Superseding Information charging receipt of child pornography in violation of Title 18, United States Code, Section 2252(a)(2) (DE 36). Defendant pled guilty to the Superseding Information on June 29, 2012 (DE 43).[1]

## Argument

1.   **Defendant's Factual Objections**

The government is prepared to offer evidence at sentencing to establish all of the factual information set forth in paragraphs 14,15,16, 17, 18, 19, 20, 22 and 23 of the PSI. This information is properly

---

[1] During plea negotiations, Defendant raised a potentially viable motion to suppress based on the Eleventh Circuit's holding in United States v. Mitchell, 565 F.3d 1347 (11th Cir. 2009). In Mitchell, the Eleventh Circuit held that a 21 day delay in obtaining a search warrant for a seized computer was unreasonable and suppressed the evidence. Although the Government believed it could defend against such a motion, it agreed to allow Defendant to plead to a superseding indictment charging receipt of child pornography instead of enticement of a minor in exchange for Defendant's agreement to forego filing the motion to suppress. This represented a significant benefit to the Defendant because enticement carries a maximum penalty of life imprisonment while receipt of child pornography carries a maximum penalty of twenty years.

included in the PSI because it is relevant conduct, and sheds light on factors the court must consider under Title 18, United States Code, Section 3553(a) in sentencing the defendant. Specifically, HALLOCK's unlawful relationship and communication with F.K., as well as the disturbing musings in his notebooks stating his desires to entice young girls online, and listing the names and ages of girls in local middle schools, are directly relevant to the Court's understanding of the characteristics and history of the defendant, circumstances of the offense, danger to the community, need for rehabilitation, etcetera. The government will be prepared at the sentencing hearing to establish the truth of these facts through testimony from the case agent and exhibits. The exhibits have been produced in discovery.

### 2. Defendant's Acceptance of Responsibility

Because Defendant is now denying the truth of relevant conduct, the government believes he should not receive credit for acceptance of responsibility. It is well settled that falsely denying relevant conduct is inconsistent with clear acceptance of responsibility. USSG §3E1.1, comment n.1(A); United States v. Perez, 2012 WL 117053 (11th Cir. 2012). As a result, if the Court concludes at the sentencing hearing that paragraphs 14, 15, 16, 17, 18, 19, 20, 22 and 23 of the PSI are true despite Defendant's objections, then Defendant should not receive a three point deduction to his guidelines' range based on acceptance of responsibility.

Probation declined to recommend a three point deduction for acceptance because defendant received an enhancement for obstruction of justice under USSG §3C1.1. According to USSG §3E1.1 comment. n. 4, conduct resulting in an obstruction enhancement under §3C1.1 ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct, although there may be extraordinary cases in which both §3C1.1 and §3E1.1 may apply. USSG §3E1.1 comment. n.4.

Numerous cases emphasize that if a defendant is assessed an enhancement for obstruction of justice under §3C1.1, a reduction pursuant to §3E1.1 should be granted only in "extraordinary" circumstances. United States v. Tejeda, 2010 WL 2294507 (11th Cir. 2010); see United States v. Arguedas, 86 F.3d 1054, 1059-60 (11th Cir. 1996).

The Government does not, however, believe HALLOCK's obstruction of justice should be the basis for denying him acceptance of responsibility credit. Indeed, the Government agreed in the plea to recommend that HALLOCK get credit for acceptance, despite his obstruction of justice. Prior to HALLOCK's decision to deny the truthfulness of the circumstances surrounding F.K. and the materials found in his house, the Government viewed his acceptance as "extraordinary" for purposes of the sentencing guidelines. He pled guilty in this case despite the presence of a potentially viable motion to dismiss. He also agreed to numerous enhancements, as set forth in the plea agreement, including an agreement to the obstruction of justice enhancement itself. He also agreed to an appeal waiver so long as the Court sentenced him within the guidelines range. Defendant even agreed to forego Booker arguments and to advocate for a guidelines sentence. To be sure, Defendant received a significant benefit for these concessions when the government agreed to dismiss the enticement charge. Nonetheless, given his agreement to enhancements, obstruction, an appeal waiver and waiver of Booker arguments, the government believed his acceptance was sufficiently "extraordinary" for purposes of 3E1.1.

By now denying facts that he knows are true and requiring a hearing on the matter, however, HALLOCK has negated his acceptance. As a result, he should not receive credit for acceptance of responsibility.

### 3. Pattern Enhancement Under USSG 2G2.2(b)(5).

Probation gave HALLOCK a five level enhancement for pattern in the PSI based on his

4

online communcations with F.K., and his travel to Texas to meet with F.K.. The Sentencing Guidelines allow for a five-level enhancement to a defendant's offense level "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." USSG 2G2.2(b)(5). A "pattern of activity" is any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant." Id. § 2G2.2 cmt. n. 1. "Sexual abuse or exploitation" includes, *inter alia*, sexual abuse, in violation of 18 U.S.C. §§ 2241-43; enticement, in violation of 18 U.S.C. 2422; and traveling with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423.

Although understanding Probation's argument in favor of a pattern enhancement, the Government is not recommending application of the pattern enhancement to Defendant's case. During plea negotiations, the parties met with a representative from Probation to discuss potentially applicable Guidelines enhancements. The representative mentioned a number of possibly applicable enhancements, but everyone present at the meeting, including the undersigned, agreed that the pattern enhancement did not appear to apply.[2] Pursuant to the representations at that meeting about the likely guidelines outcome, Defendant made a number of concessions in entering his plea, including waiver of Booker arguments and agreement to a Guidelines sentence. In accordance with plea negotiations, the government will stand by its implicit agreement not to seek a pattern enhancement.

## Conclusion

*Wherefore*, the United States respectfully requests that the Court deny the Defendant's

---

[2] During the meeting, the undersigned believed pattern was inapplicable primarily because, in the undersigned's view, the facts showed one continual attempt by the Defendant during a five month period (Jan 2011 to May 2011) to entice F.K. to engage in sexual acts, not necessarily separate instances of abuse as required by the pattern enhancement.

factual

Objections to the Presentence Investigation Report upon an evidentiary hearing, and deny Defendant's request for acceptance of responsibility credit. The United States further requests that the Court decline to apply the pattern enhancement set forth in USSG 2G2.2(b)(5).

> Respectfully submitted,
> WIFREDO A. FERRER
> UNITED STATES ATTORNEY
>
> s/ Shaniek M. Maynard
> Shaniek Maynard (FL Bar No. 0522201)
> Email: shaniek.maynard@usdoj.gov
> Assistant United States Attorney
> 101 S. US Hwy 1, Ste. 3100
> Fort Pierce, Florida 34950
> TEL: 772-466-0899
> FAX: 772-466-1020
> Attorney for United States of America

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 10, 2012, I electronically filed the foregoing Government's Response to Objections to the PSI with the Clerk of the Court using CM/ECF.

> s/ Shaniek M. Maynard
> Shaniek M. Maynard
> Assistant U. S. Attorney